| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO.: 4:17-cr-00256-RBH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LECEPHRUS PIERCE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court on the Motion of the United States for a Preliminary Order of Forfeiture as to Defendant Lecephrus Pierce ("Pierce", "Defendant"), based upon the following:

1.      On June 27, 2017, a multicount Superseding Indictment was filed charging Pierce with drug trafficking, in violation of 21 U.S.C. § 841 and firearm offenses, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (c).

2.      Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a notice of forfeiture providing that upon Pierce's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States.  As specified, such assets include, but are not limited to the following:

A.      Proceeds/Money Judgment:[1]

A sum of money equal to all property the Defendant obtained as a result of the drug offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result for his violations of 21 U.S.C. § 841.

---

[1] The Government is not pursuing a money judgment against this Defendant.

B.	Firearm and Ammunition:

1.	Glock, Model 22, .40 caliber pistol
	Serial number CCS754US
	Asset ID: 18-ATF-002695

2.	.22 North American Arms Revolver
	Serial number E173448
	Asset ID: 18-ATF-002698

3.	Miscellaneous rounds of ammunition
	Asset ID: 18-ATF-002699
		18-ATF-002700

3.	On November 3, 2017, Pierce pled guilty pursuant to a written plea agreement to the charge of possession with intent to distribute a quantity of cocaine (Count 1), in violation of 21 U.S.C. § 841(a)(1) and the charge of possession and use of a firearm in furtherance of a drug trafficking crime (Count 3) in violation of 18 U.S.C. § 924 (c)(1)(A). The written plea agreement provided the Defendant would forfeit his interest in the firearms and ammunition to the United States.

4.	Based on Defendant's conviction and other matters of record, the Court has determined that Pierce has an interest in the below-described property, and that the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c).

5.	The Court has determined that the Government has established the requisite nexus between the said property subject to forfeiture and the offense for which Pierce has been convicted; therefore, the United States is entitled to a Preliminary Order of Forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED**,

1.      The following property is hereby forfeited to the United States of America, along with all right, title, and interest of the Defendant Lecephrus Pierce, in and to such property.

Firearm and Ammunition:

1. Glock, Model 22, .40 caliber pistol
   Serial number CCS754US
   Asset ID:  18-ATF-002695

2. .22 North American Arms Revolver
   Serial number E173448
   Asset ID:  18-ATF-002698

3. Miscellaneous rounds of ammunition
   Asset ID:  18-ATF-002699
                18-ATF-002700

2.      Upon entry of the criminal judgment, this Order becomes final as to Pierce, and shall be made a part of its sentence and included in the criminal judgment.

3.      The United States shall publish notice of this Order and its intents to dispose of the property in such manner as the Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in said property.

4.      Upon entry of this Order, the United States or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's office and to commence proceedings that comply with statutes governing third party rights.

5.      Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

6.      Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7.      After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.      The United States shall have clear title to the property following the Court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9.      The Court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10.      The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

December 6, 2017                                          s/ R. Bryan Harwell
Florence, South Carolina                                 R. Bryan Harwell
                                                         United States District Judge