UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | | |
|---|---|---|---|
| Lecephrus Pierce, | ) | Crim. No.: | 4:17-cr-00256-RBH-1 |
| | ) | Civ. No.: | 4:19-cv-01989-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |

This matter is before the Court on Petitioner Lecephrus Pierce's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 117. The Government has filed a motion for summary judgment. *See* ECF No. 136. The Court denies Petitioner's motion and grants the Government's motion for the reasons herein.[1]

## **Background**

In June 2017, a federal grand jury indicted Petitioner for possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count One), being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Two), and using or possessing a firearm during or in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). *See* ECF No. 33 (superseding indictment). Petitioner was initially

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010) (discussing § 2255(b)). The Court is mindful of its duty to liberally construe Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

1

represented by Assistant Federal Public Defender Michael A. Meetze, who filed a motion to suppress arguing police lacked probable cause or reasonable suspicion to justify a June 16, 2016 traffic stop of Petitioner. *See* ECF Nos. 11 & 37. Mr. Meetze was subsequently relieved as counsel, and attorney Melvin Wayne Cockrell III was appointed to represent Petitioner. *See* ECF Nos. 52 & 53.

In October 2017, the Court heard and denied the motion to suppress, finding officers had probable cause to stop Petitioner for an illegal left turn. *See* ECF Nos. 66, 68, & 102; *see also United States v. Pierce*, 741 F. App'x 969 (4th Cir. 2018) (summarizing the facts relating to the suppression hearing).

In November 2017, Petitioner pled guilty to Counts One and Three pursuant to a conditional plea agreement that allowed him to appeal this Court's denial of the motion to suppress. *See* ECF Nos. 75, 76, & 77. In March 2018, the Court sentenced Petitioner to seventy-nine months' imprisonment. *See* ECF Nos. 93 & 96. Petitioner (represented by Mr. Cockrell and his law partner) pursued a direct appeal challenging the denial of the motion to suppress, and the Fourth Circuit affirmed this Court's judgment. *See* ECF Nos. 94 & 104; *see also Pierce*, *supra*. The Fourth Circuit issued its mandate on December 11, 2018, and subsequently granted counsel's motion to withdraw from further representation. *See* ECF Nos. 105 & 106. The Supreme Court denied Petitioner's pro se petition for a writ of certiorari on April 15, 2019. *See Pierce v. United States*, 139 S. Ct. 1589 (2019).

In July 2019, Petitioner filed the instant § 2255 motion.[2] *See* ECF Nos. 117 & 120. Thereafter, Mr. Cockrell filed an affidavit addressing his representation of Petitioner. *See* ECF No. 131. The Government filed a response in opposition to Petitioner's motion and a motion for summary judgment. *See* ECF No. 136. Petitioner filed a response in opposition to the Government's motion. *See* ECF No.

---

[2] Petitioner also filed a motion for discovery. *See* ECF No. 118.

143.

## **Legal Standard**

A prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255 by filing a motion in the court that imposed the sentence. For a court to vacate, set aside, or correct a sentence, a petitioner must prove one of the following occurred: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that

3

an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

## Discussion

**I.    Petitioner's § 2255 Motion**

Petitioner alleges defense counsel[3] were ineffective for failing to make certain arguments in support of the suppression motion. *See* ECF No. 117 at p. 4 (§ 2255 motion); ECF No. 117-1 (supporting memorandum). He asserts "the issue counsel argued"—whether probable cause or reasonable suspicion justified the traffic stop—"was meritless." ECF No. 117-1 at pp. 9–10. Petitioner then provides the issues he claims counsel should have argued.[4] *See id.* at pp. 9–23.

Initially, the Court notes Petitioner testified under oath at his November 3, 2017 plea hearing that he was completely satisfied with his attorney's services, advice, and representation, and that he understood his plea agreement allowed him to appeal the denial of the motion to suppress (wherein counsel had argued officers lacked probable cause or reasonable suspicion to justify the stop). Thus, the contrary allegations in Petitioner's § 2255 motion (i.e., that counsel argued a "meritless" issue and should have raised *other* issues in support of the suppression motion) are subject to summary dismissal as "palpably incredible" and "patently frivolous or false." *Blackledge v. Allison*, 431 U.S. 63, 76

---

[3]    Petitioner appears to challenge the actions of both Mr. Meetze and Mr. Cockrell, *see* ECF No. 117-1 at pp. 9–10; ECF No. 117-2 at p. 2, and therefore the Court collectively refers to them as "counsel."

[4]    Petitioner claims counsel should have challenged (1) his detention following the traffic stop, (2) the warrantless search of his vehicle, and (3) whether the cocaine belonged to him. *See* ECF No. 117-1 at pp. 9–23. Essentially, he faults counsel for not challenging the officers' conduct *after* the stop.

4

(1977); *see United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

Moreover, as the Government points out, some of the issues in Petitioner's § 2255 motion were decided on direct appeal. For example, he "vehemently denies making an illegal left lane turn," contends the officers "conducted a 'fishing expedition'" in making the traffic stop, asserts he "is not conceding that the initial stop was unlawful," and claims "[t]he fruits of the unlawful stop should have been suppressed." ECF No. 117-1 at pp. 7, 10, 13, 15. However, the Fourth Circuit affirmed this Court's credibility determinations and "conclusion that the officers had probable cause to stop Pierce for an illegal left turn." *Pierce*, 741 F. App'x at 970. Petitioner cannot relitigate, "under the guise of collateral attack," those particular issues decided on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).[5]

As for the merits of Petitioner's ineffective assistance claim, it must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687–88. Second, he must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

---

[5] Of course, Petitioner's § 2255 motion presents an ineffective assistance claim not decided on direct appeal (in particular, that counsel should have challenged the officers' conduct *after* the stop), and therefore his "motion cannot be dismissed wholesale based on *Boeckenhapt*." *United States v. Parker*, 103 F.3d 122, 1996 WL 721834, at *1 (4th Cir. 1996) (unpublished table decision); *see, e.g.*, *United States v. Grubb*, 65 F.3d 167, 1995 WL 529639, at *1 (4th Cir. 1995) (unpublished table decision) ("[C]ontrary to the district court's conclusion, Grubb's claims of ineffective assistance are not barred by *Boeckenhaupt*.").

5

Petitioner does not satisfy either *Strickland* prong. First, he has not demonstrated deficient performance by counsel. Most obvious is the fact that counsel filed a motion to suppress, argued it to this Court, and appealed the suppression ruling to the Fourth Circuit. Although counsel did not raise every possible issue, they had no obligation to do so. *See United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014) ("Attorneys need not raise every possible claim to meet the constitutional standard of effectiveness. They are permitted to . . . press those claims with the greatest chances of success."). Counsel's choice to focus on the lawfulness of the traffic stop was a reasonable strategic decision, particularly in light of what the officers encountered *after* making the stop—namely, the odor of marijuana coming from inside Petitioner's vehicle, a K-9 police dog giving a positive alert on the vehicle, and remnants of marijuana on the lap of a passenger. *See* Presentence Investigation Report [ECF No. 92] at ¶¶ 14–15.[6] Without question, the stronger argument was challenging the initial stop. *See United States v. Sullivan*, 138 F.3d 126, 132 (4th Cir. 1998) ("[I]f the initial stop was illegal . . . , the seized contraband is excluded under the 'fruit of the poisonous tree doctrine.'"). "Even though the claim was ultimately unsuccessful, it would be anomalous to characterize [Petitioner]'s attorneys as ineffective for pursuing it." *Mason*, 774 F.3d at 829.

Second, Petitioner has not shown prejudice, i.e., that the motion to suppress would have been granted had counsel made the additional arguments raised in Petitioner's § 2255 motion.[7] *Cf. Grueninger v. Dir., Va. Dep't of Corr.*, 813 F.3d 517, 525, 530 (4th Cir. 2016) (discussing *Strickland* prejudice in the context of a suppression motion). Based on the factors mentioned above—the odor of

---

[6] The Court adopted the Presentence Investigation Report without change, including its findings of fact. *See* ECF No. 97; *see generally* Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court may accept any undisputed portion of the presentence report as a finding of fact.").

[7] *See* Footnote 4, *supra* (listing the arguments that Petitioner claims counsel should have made).

6

marijuana coming from inside the vehicle, a positive dog alert, and marijuana remnants on a passenger's lap—the officers did not violate the Fourth Amendment by detaining Petitioner, searching the vehicle (in which they found two guns), and arresting Petitioner (who had a baggie of cocaine). *See Illinois v. Caballes*, 543 U.S. 405, 409 (2005) (holding that a dog sniff conducted during a lawful traffic stop does not violate the Fourth Amendment, and a positive dog alert for the presence of drugs may provide probable cause to search the vehicle); *United States v. Humphries*, 372 F.3d 653, 658 (4th Cir. 2004) ("[T]he odor of marijuana alone can provide probable cause to believe that marijuana is present in a particular place."); *United States v. Keen*, 200 F. App'x 218, 219 (4th Cir. 2006) ("The plain view presence of marijuana inside Keen's vehicle created probable cause for the officers to arrest Keen and search him incident to arrest."). Thus, even if counsel had made the additional arguments proffered by Petitioner, the motion to suppress would still have been denied.

The Court will deny Petitioner's § 2255 motion for the above reasons.[8]

## II. New Ground Raised in Petitioner's Response Brief

Petitioner raises a new claim in his response in opposition to the Government's motion for summary judgment, seeking relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[9] *See* ECF No. 143 at pp. 6–7. He argues that "without possession pursuant to 922(g)(1), there can be no possession pursuant to 924(c)." *Id.* at p. 7. However, *Rehaif* only applies to a conviction obtained under 18 U.S.C.

---

8 The Court will deny Petitioner's motion for discovery (ECF No. 118) because he has not established good cause. *See* Rule 6(a), Rules Governing Section 2255 Proceedings (requiring leave of court and good cause to permit discovery in a § 2255 proceeding); *United States v. Roane*, 378 F.3d 382, 402–03 (4th Cir. 2004) (discussing the good cause standard).

9 "In *Rehaif*, the Supreme Court held that, to obtain a conviction under Section 922(g), the government 'must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.'" *United States v. Lockhart*, 947 F.3d 187, 196 (4th Cir. 2020) (en banc) (quoting *Rehaif*, 139 S. Ct. at 2200). Petitioner also cites *Lockhart*. *See* ECF No. 143 at p. 7.

§ 922(g), and although Petitioner was *charged* with this offense (in Count Two of the superseding indictment), he was not *convicted* of this offense.[10] *See generally United States v. Studifin*, 240 F.3d 415, 419 (4th Cir. 2001) (recognizing § 922(g) and § 924(c) are separate offenses). Moreover, the Supreme Court has not made *Rehaif* retroactive to cases on collateral review. *In re Wright*, 942 F.3d 1063, 1064 (11th Cir. 2019); *In re Palacios*, 931 F.3d 1314 (11th Cir. 2019). In short, *Rehaif* is inapplicable and not a basis for relief.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court finds Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### Conclusion

The Court **GRANTS** the Government's Motion for Summary Judgment [ECF No. 136], **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 117], and

---

[10] Count Two was dismissed at sentencing based on the plea agreement. *See* ECF No. 77 at ¶ 3; ECF No. 96.

**DENIES** his motion for discovery [ECF No. 118]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
February 18, 2020  R. Bryan Harwell
Chief United States District Judge